UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANNA C. COLLIER, an individual, <br><br> Plaintiff <br><br> vs. <br><br> SMARTPAK EQUINE LLC a foreign domestic Limited Liability Company; ACAVALLO a foreign international corporation; AMAHORSE TRADING SRL a foreign international corporation. <br><br> Defendants. | CASE NO: <br><br> COMPLAINT FOR INJURIES AND DAMAGES: NEGLIGENCE AND STRICT LIABILITY <br><br> JURY DEMAND |

COMES NOW Anna C. Collier plaintiff, by and through her attorneys of record, Aiken, St. Louis & Siljeg, P.S. and David P. Hansen, and by way of Complaint for Injuries and Damages against defendants, alleges as follows:

I. PARTIES

Plaintiff.

1.1. For all times relevant hereto, Plaintiff, Anna C. Collier was a resident of Clark County, State of Washington, USA.

Defendants.

COMPLAINT FOR INJURIES AND DAMAGES - 1
(collan.001) Complaint FC.docx

AIKEN, ST. LOUIS & SILJEG, P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE
SUITE 1200
SEATTLE, WASHINGTON 98104
(206) 624-2650 / FAX (206) 623-5764

1.2     For all times relevant hereto, Defendant Smartpak Equine LLC ("Smartpak Equine") was a Delaware limited liability company with its principle place of business in the State of Maine, engaged as a seller of equine tack, equipment and supplies both in person and online to customers throughout the United States to include Washington state.

1.3     For all times relevant hereto, Defendant Acavallo was a foreign international company doing business in the country of Italy as a manufacturer and seller of equine tack, equipment and supplies. Defendant placed its products into the commerce of the United States including Washington State.

1.4     For all times relevant hereto, Defendant AmaHorse Trading SRL was a foreign international company doing business in the country of Italy as a manufacturer and seller of equine tack, equipment and supplies. Defendant places its products into the commerce of the United States including Washington State.

## II. JURISDICTION AND VENUE

2.1     Acts and omissions alleged herein occurred in this judicial district.

2.2     This Court has federal diversity jurisdiction over the subject matter in this case pursuant to 28 U.S.C. § 1332 (a)(1)(2) because the amount in controversy exceeds $75,000 and is between citizens of different states and foreign nations.

2.3     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

## III. FACTS

3.1.    On or about March or April 2018, in Clark County, Washington, Plaintiff purchased an Acavallo Sensitive Bit ("Sensitive Bit") from Defendant Smartpak Equine through defendant's remote, web-based sales portal.

3.2     Defendant Smartpak Equine is product seller under Washington State law.

3.4.    Defendant Smartpak Equine shipped the Sensitive Bit to Plaintiff's address in Clark County, Washington where she took possession of it.

COMPLAINT FOR INJURIES AND DAMAGES - 2
(collan.001) Complaint FC.docx

AIKEN, ST. LOUIS & SILJEG, P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE
SUITE 1200
SEATTLE, WASHINGTON 98104
(206) 624-2650 / FAX (206) 623-5764

3.5     The Sensitive Bit was constructed, designed and manufactured by Defendant Acavallo.

3.6     Alternatively, the Sensitive Bit was constructed, designed and manufactured by Defendant AmaHorse Trading SRL.

3.7     The Sensitive Bit was labeled with Defendant's name "Acavallo".

3.8     On July 5, 2019 Plaintiff was riding a horse using the Sensitive Bit to guide and control the horse. While riding the horse, the Sensitive Bit unexpectedly and without warning broke and separated in the horse's mouth causing Plaintiff to lose the ability control and halt the horse. The horse took off running at a dangerous pace and speed which Plaintiff could not control or bring the horse to a halt because of the failed Sensitive Bit. Plaintiff was forced to make an emergency dismount.

3.9     As a result of the emergency dismount, Plaintiff fell from the horse to the ground and in the process, Plaintiff sustained serious and permanent injuries and other damages.

3.10    The Sensitive Bit that failed was a product under Washington State law.

3.11    Defendant Acavallo is a product manufacture under Washington State law.

3.12    Defendant AmaHorse Trading SRL is a product manufacture under Washington State law.

3.13    The Sensitive Bit was defective and not reasonably safe in that its construction, design, and manufacture resulted in the product being unreasonably prone to failure while being used for its intended purpose by Plaintiff and not reasonably safe due to inadequate and lack of warnings in not informing Plaintiff of the product's unreasonable potential to fail while being used.

3.14    Defendant Acavallo was negligent in manufacturing a product that was defective and not reasonably safe in construction, design and manufacture and inadequate in and/or lack of warnings of the product's unreasonable potential for failure while being used

COMPLAINT FOR INJURIES AND DAMAGES - 3
(collan.001) Complaint FC.docx

AIKEN, ST. LOUIS & SILJEG, P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE
SUITE 1200
SEATTLE, WASHINGTON 98104
(206) 624-2650 / FAX (206) 623-5764

for its intended purpose and in placing the product in the stream of commerce thereby allowing the product to be used by Plaintiff.

3.15    Defendant Smartpak Equine was negligent in selling the product to Plaintiff knowing or which Defendant should have known, of the product's unreasonable potential for failure while being used for its intended purpose.

3.16    Defendant Smartpak was negligent in failing to warn Plaintiff both before and after the sale of the product to Plaintiff, of the product's unreasonable potential for failure while being used for its intended purpose.

3.17    If Defendant AmaHorse Trading SRL manufactured the Sensitive Bit being used by Plaintiff as alleged herein, Defendant was negligent in manufacturing a product that was defective and not reasonably safe in construction, design and manufacture and inadequate in and/or lack of warnings of the product's unreasonable potential for failure while being used for its intended purpose and in placing the product in the stream of commerce thereby allowing the product to be used by Plaintiff.

3.18    Plaintiff was not at fault for the injuries and damages she sustained.

3.19    In 2018 and after the Sensitive Bit used by Plaintiff was manufactured by Defendant Acavallo, Defendant AmaHorse Trading SRL purchased Defendant Acavallo.

3.20    After the purchase, Defendant Acavallo became defunct.

3.21    After the purchase, Defendant Acavallo became insolvent as a manufacture of products.

3.22    After the purchase, Defendant Acavallo became uninsured against claims of the type and nature alleged by Plaintiff in this cause.

3.22    Defendant AmaHorse Trading SRL is uninsured against claims of the type and nature alleged by Plaintiff in this cause.

3.23    Defendant Smartpak Equine is liable to Plaintiff as a product manufacturer by operation of Washington State Products Liability law.

COMPLAINT FOR INJURIES AND DAMAGES - 4
(collan.001) Complaint FC.docx

AIKEN, ST. LOUIS & SILJEG, P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE
SUITE 1200
SEATTLE, WASHINGTON 98104
(206) 624-2650 / FAX (206) 623-5764

3.24 On information and belief, Defendant AmaHorse Trading SRL contractually agreed to assume the debts and liabilities of Defendant Acavallo after the purchase. Plaintiff should be a beneficiary of that agreement.

## IV. CLAIMS

### NEGLIGENCE

4.1 Plaintiff realleges Paragraphs 1 -3.24.

4.2 As a direct and proximate result of the negligence of Defendants Smartpak Equine and Acavallo, Plaintiff sustained serious and permanent injuries and other damages and Defendants are liable to Plaintiff in an amount to proven at trial.

## V. STRICT LIABILITY

5.1 Plaintiff realleges Paragraphs 1 -3.24.

5.2 As a direct and proximate result of the negligence of Defendants Smartpak Equine, Acavallo and AmaHorse Trading SRL if the manufacturer of the product, Plaintiff sustained serious and permanent injuries and other damages and Defendants are strictly liable to Plaintiff in an amount to proven at trial pursuant to RCW 7.72.030.

## VI. THIRD PARTY BENEFICIARY

6.1 Plaintiff realleges Paragraphs 1 -3.24

6.2. Plaintiff is a third-party beneficiary to the purchase and sale agreement between Defendant Acavallo and Defendant AmaHorse Trading SRL and Defendant AmaHorse Trading SRL is liable to Plaintiff for her injuries and damages as a beneficiary to that agreement in an amount to be proven at trial.

## VII. DAMAGES

7.1. As a direct and proximate result of the negligence of defendants Smartpak Equine, Acavallo and AmaHorse Trading SRL if the manufacturer of the product, Plaintiff sustained general and special damages of a type and nature and in such amounts as will be proven at trial.

COMPLAINT FOR INJURIES AND DAMAGES - 5
(collan.001) Complaint FC.docx

AIKEN, ST. LOUIS & SILJEG, P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE
SUITE 1200
SEATTLE, WASHINGTON 98104
(206) 624-2650 / FAX (206) 623-5764

## VIII. PHYSICIAN/PATIENT WAIVER

8.1  Plaintiff hereby waives the physician/patient privilege to the extent required by RCW 5.60.060.

## RELIEF SOUGHT

WHEREFORE, Plaintiff prays for judgment against the Defendants jointly and severally in such amounts as shall be proven at trial, her costs and disbursements as incurred herein and for such other and further relief as the court deems just and equitable.

Dated this 29th day of June, 2022.

AIKEN, ST. LOUIS & SILJEG, P.S.

By _____
David P. Hansen, WSBA # 10755
Attorneys for Plaintiff
hansen@aiken.com

COMPLAINT FOR INJURIES AND DAMAGES - 6
(collan.001) Complaint FC.docx

AIKEN, ST. LOUIS & SILJEG, P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE
SUITE 1200
SEATTLE, WASHINGTON 98104
(206) 624-2650 / FAX (206) 623-5764